IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD, as Subrogee of KINTETSU WORLD EXPRESS INC., and STARR INDEMNITY AND LIABILITY COMPANY, as Subrogee of TEXAS INSTRUMENTS INCORPORATED,<br><br>              Plaintiffs,<br><br>  v.<br><br>HUTCHINSON LOGISTICS & CONSULTING LLC AND FAHIM LOGISTICS, LLC<br><br>              Defendants. | Civil Action No. 4:23-CV-04002<br><br>Judge Charles Eskridge |

**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF DEFENDANT HUTCHINSON LOGISTICS & CONSULTING LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Hutchinson Logistics & Consulting LLC ("Hutchinson"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiffs Tokio Marine and Nichido Fire Insurance Co., Ltd, as Subrogee of Kintetsu World Express Inc. ("Tokio"), and Starr Indemnity and Liability Company, as Subrogee of Texas Instruments Incorporated ("Starr") (together, "Plaintiffs") and Cross-Claims against Defendant Fahim Logistics, LLC ("Fahim") as follows:

### I.    PARTIES

1.    Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint and for that reason denies said allegations.

2.    Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint, and for that reason denies said allegations.

1

3. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint and for that reason denies said allegations.

4. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint and for that reason denies said allegations.

5. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complain, and for that reason denies said allegations.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Hutchinson admits that it does business in Texas and in the United States. Hutchinson denies the remaining allegations contained in Paragraph 6 of the Complaint.

## II.      JURISDICTION

7. The allegations contained in Paragraph 7 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Hutchinson admits that this Court has subject-matter jurisdiction over this action. Hutchinson denies all other allegations contained in Paragraph 7 of the Complaint.

## III.     VENUE

8. The allegations contained in Paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Hutchinson admits that venue is proper in this Court but denies the remaining allegations contained in Paragraph 8 of the Complaint.

## IV.     GENERAL

9. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint and for that reason denies said allegations.

## V.      SUMMARY OF FACTS

10. Hutchinson denies the allegations contained in Paragraph 10 of the Complaint.

11. Hutchinson denies the allegations contained in Paragraph 11 of the Complaint.

## VI. CARMACK CAUSE OF ACTION

12. Hutchinson denies the allegations contained in Paragraph 12 of the Complaint.

13. Hutchinson denies the allegations contained in Paragraph 13 of the Complaint.

14. Hutchinson denies the allegations contained in Paragraph 14 of the Complaint.

15. Hutchinson denies the allegations contained in Paragraph 15 of the Complaint.

16. Hutchinson denies the allegations contained in Paragraph 16 of the Complaint.

17. Hutchinson denies the allegations contained in Paragraph 17 of the Complaint.

18. Hutchinson denies the allegations contained in Paragraph 18 of the Complaint.

19. Hutchinson denies the allegations contained in Paragraph 19 of the Complaint.

## VII. GENERAL CLAUSES FOR ALL COUNTS

20. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and for that reason denies said allegations.

21. Hutchinson denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and for that reason denies said allegations.

## VIII. AD DAMNUM CLAUSE FOR ALL COUNTS

22. The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Hutchinson denies the allegations contained in Paragraph 22 of the Complaint.

## IX.

23. Hutchinson denies the allegations contained in Paragraph 23 of the Complaint.

## X. JURY DEMAND

24. The allegations contained in Paragraph 24 of the Complaint do not contain any factual allegations to which a response is required.

25. Hutchinson denies all other allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state claims, in whole or in part, upon which relief may be granted.

2. Plaintiffs' claims, if any, are barred by the doctrines of estoppel, waiver, or laches.

3. Plaintiffs' claims, if any, are barred, in whole or in part, because of their failure to reasonably mitigate any damages and injuries alleged.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of setoff and recoupment.

5. Plaintiffs' claims are barred by the doctrine of unclean hands.

6. Plaintiffs' damages were proximately caused by the acts of Plaintiffs or of third parties.

7. Plaintiffs' claims are barred by the doctrines of impracticability and impossibility.

8. Plaintiffs' claims are barred because the damages sought constitute an unenforceable penalty.

9. Plaintiffs' claims are barred in whole or in part by 49 U.S.C. § 14706.

10. Plaintiffs' second cause of action is preempted by 49 U.S.C. § 14501.

11. Plaintiffs' claims are barred by documentary evidence.

12. Hutchinson reserves the right to raise any and all separate defenses that may become evident during discovery and during other proceedings in this action.

## HUTCHINSON'S CROSS CLAIM AGAINST DEFENDANT FAHIM

## STATEMENT OF FACTS

1. Hutchinson is a limited-liability company with its principal place of business in Trabuco Canyon, California.

2. Fahim is a limited liability company with its principal place of business in San Antonio, Texas and is a motor carrier duly authorized by the U.S. Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA").

3. Hutchinson is a freight logistics company and broker, with authority to operate as such by the FMCSA. Attached hereto as **Exhibit 1** is a copy of Hutchinson's FMCSA license to operate as a broker.

4. Hutchinson is not a motor carrier and, accordingly, does not have operating status as a motor carrier by the FMCSA. *See* Ex. 1.

5. Hutchinson works with its shipping customers to provide logistics services in connection with the movement of their cargo.

6. Specifically, Hutchinson contracts with motor carriers who actually provide for the movement of Hutchinson's customers' goods.

7. Kintetsu World Express Inc. ("KWE") is one of Hutchinson's shipping customers.

8. Kinetsu hired Hutchinson to arrange for the transportation of a TEL Pro-Z semiconductor fabrication tool (the "Cargo") from Wilmington, California to Dallas, Texas.

9. Hutchinson contracted with Fahim, as motor carrier, to transport the load.

10. Attached hereto as **Exhibit 2** is a copy of Hutchinson's rate confirmation with Fahim.

11. Hutchinson never had the Cargo in its physical custody, possession, or control.

12. Rather, Fahim took possession of the Cargo on or about February 25, 2022.

13. Attached hereto as **Exhibit 3** is a copy of the bill of lading issued by Fahim.

14. On or about February 28, 2022, Fahim delivered the Cargo in good condition to the address of the consignee per the relevant shipping documents.

15. Upon arrival, however, the driver was told he could not unload the Cargo and was instead directed to deliver the Cargo to another location, about 30 miles away.

16. This instruction was not provided prior to delivery of the Cargo.

17. It was during this extra, unplanned leg of the trip that the truck carrying the Cargo came into contact with an overpass, purportedly damaging the Cargo.

18. Upon information and belief, Plaintiffs filed a cargo claim for the damage to the Cargo with Fahim's insurer.

19. Hutchinson does not know whether or if Fahim's insurer paid such a claim or whether the filing of this claim was timely.

### HUTCHINSON'S FIRST CROSS-CLAIM AGAINST FAHIM
### Breach of Contract

20. Hutchinson incorporates herein by reference all allegations and statements contained in the previous paragraphs.

21. Hutchinson and Fahim are parties to the Master Service Agreement, executed in March 2021 (the "Agreement").

22. Attached as **Exhibit 4** is a copy of the Agreement.[1]

23. The Agreement is a valid, binding contract.

---

[1] Exhibit 4 is an unsigned, blank version of the Agreement. Hutchinson is still searching for a copy of the executed version of the Agreement. However, Hutchinson's records show an email chain between Hutchinson and Fahim indicating the Agreement was signed and returned on or about March 16, 2021.

24. The Agreement states Fahim, as motor carrier, is required to defend, indemnify and hold harmless Hutchinson against any claim made against Hutchinson arising out of or in connection with carriage of goods tendered to Fahim under the terms of the Agreement.

25. The Agreement, states in pertinent part:

6. Indemnity. Except if caused solely by the fault of COMPANY, CONTRACTOR assumes all responsibility and sole liability for any claims or actions based upon, or arising out of, injuries, including death, to persons, or damage to or destruction of property, sustained or alleged to have been sustained in connection with or arising out of, or incidental to, or in any way connected with this Agreement, the performance of Work and/or the Services by CONTRACTOR, its agents, or employees, subcontractors, or its subcontractors' agents and employees, regardless of whether such claims or actions are partially founded upon the alleged negligence of COMPANY or its employees, agents, visitors or licensees, or their other fault, or their conduct or status which might subject them to strict liability under whatever theory of liability. CONTRACTOR agrees to, and does hereby, indemnify and hold harmless COMPANY and its affiliates and their respective members, managers, shareholders, partners, directors, officers, agents, servants and employees in respect of any such matters and agrees to protect and defend any claim or suit or action brought against COMPANY or any person so indemnified and to pay all damages, losses, costs and expenses of every kind and description, including attorney's fees incurred by COMPANY or any other person so indemnified, as a result of the claim or institution of any suit or action or the defense thereof, as well as any judgments or settlements therein or thereof.

*See* Ex. 4.

26. Pursuant to the Agreement, Fahim served as motor carrier to the Shipment.

27. According to Plaintiffs, the Cargo was damaged during the shipment and while in Fahim's possession and control.

28. Hutchinson has been named as a defendant in this action in connection with the Cargo and the Shipment.

29. On or about December 7, 2023, Hutchinson served on Fahim a notice of indemnity in accordance with the Agreement.

30. Fahim has refused to hold harmless and indemnity Hutchinson.

31. Hutchinson has fully performed its obligations under the Agreement.

7

32. Hutchinson has suffered and continues to suffer damages, in an amount to be determined at trial, as a result of Fahim's obligation to defend and hold Hutchinson harmless.

## HUTCHINSON'S SECOND CROSS-CLAIM AGAINST FAHIM
### Apportionment Under 49 U.S.C. § 14706(b)
*(As an Alternative to First Cross-Claim)*

33. Hutchinson incorporates herein by reference all allegations and statements contained in the previous paragraphs.

34. Pursuant to 49 U.S.C. § 14706(b), "[t]he carrier issuing the receipt or bill of lading under subsection (a) of this section or delivering the property for which the receipt or bill of lading was issued is entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property, as evidenced by a receipt, judgment, or transcript, and the amount of its expenses reasonably incurred in defending a civil action brought by that person."

35. Fahim is the motor carrier that actually transported the Cargo.

36. The Cargo was damaged while in the possession of Fahim.

37. Hutchinson is a party to this action in relation to damage to the Cargo and has incurred, and will continue to incur, costs associated with defending this action.

38. Hutchinson is not a motor carrier.

39. As an alternative to Hutchinson's First Cross-Claim against Fahim, and to the extent this Court determines that Hutchinson was, or was acting in the capacity of, a motor carrier with respect to the Cargo, Hutchinson is entitled, under 49 U.S.C. § 14706(b) to expenses and legal fees incurred in defending this action, as well as the cost of any judgment issued against it, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, having fully answered the Second Amended Complaint and articulated its cross-claims against Fahim, Hutchinson prays that this Court enter judgment in favor of Hutchinson as follows:

a. A judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Hutchinson its costs and fees, including reasonable attorneys' fees;

b. A judgment awarding Hutchinson expenses, attorneys' fees, and costs incurred in defending this action, as well as a judgment against Fahim in the amount of any judgment issued against Hutchinson; and

c. All other relief as the Court sees fit.

Dated: December 21, 2023               Respectfully Submitted By:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Deana S. Stein*
Deana S. Stein (S.D. Tex Bar No. 3866905)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-6170
F: (216) 363-4588
E: dstein@beneschlaw.com

Marc S. Blubaugh (S.D. Tex Bar No. 584720)
41 South High Street, Suite 2600
Columbus, OH 43215
T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com
*Counsel for Defendant Hutchinson Logistics & Consulting LLC*

**BAIR HILTY, P.C.**
Amanda S. Hilty
 TBN: 09683030
 FBN: 10187
Dale R. Mellencamp
 TBN: 13920259
 FBN: 7718

14711 Pebble Bend Drive
Houston, Texas 77068
T: (713) 862-5599
F: (713) 868-9444
E: ahilty@bairhilty.com
  dmellencamp@bairhilty.com

**JURY DEMAND**

Hutchinson hereby requests trial by the maximum number of jurors permitted by the law.

Dated: December 21, 2023    Respectfully Submitted By:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Deana S. Stein*
Deana S. Stein (S.D. Tex Bar No. 3866905)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-6170
F: (216) 363-4588
E: dstein@beneschlaw.com

Marc S. Blubaugh (S.D. Tex Bar No. 584720)
41 South High Street, Suite 2600
Columbus, OH 43215
T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com

**BAIR HILTY, P.C.**
Amanda S. Hilty
 TBN: 09683030
 FBN: 10187
Dale R. Mellencamp
 TBN: 13920259
 FBN: 7718
14711 Pebble Bend Drive
Houston, Texas 77068
T: (713) 862-5599
F: (713) 868-9444
E: ahilty@bairhilty.com
   dmellencamp@bairhilty.com

*Counsel for Defendant Hutchinson Logistics & Consulting LLC*

## CERTIFICATE OF SERVICE

I certify that on December 21, 2023, the foregoing documents were electronically filed and that they are available for viewing and downloading from the Court's CM/ECF system, and that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

**HILL RIVKINS, LLP**
Dana K. Martin
Hannah E. Taylor
1000 N. Post Oak, Suite 220
Houston, Texas 77055
T: (713) 222-1515
F: (713) 222-1359
E: dmartin@hillrivkins.com
   htaylor@hillrivkins.com
*Counsel for Plaintiffs*

/s/ Deana S. Stein
Deana S. Stein
*Counsel for Defendant Hutchinson Logistics & Consulting LLC*