**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TOKIO MARINE AND NICHIDO FIRE | § | |
| INSURANCE CO., LTD, as Subrogee of | § | |
| KINTETSU WORLD EXRESS INC., | § | |
| and STARR INDEMNITY AND | § | |
| LIABILITY COMPANY, as Subrogee of | § | |
| TEXAS INSTRUMENTS INCORPORATED | § | |
| .       Plaintiffs, | § | |
| | § | |
| V. | § | C.A. No.4:23-cv-4002 |
| | § | |
| HUTCHINSON LOGISTICS & | § | |
| CONSULTING LLC, AND | § | |
| FAHIM LOGISTICS, LLC | § | |
|    Defendants. | § | |

### RULE 26(f) JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE COURT:

COME NOW, Tokio Marine and Nichido Fire Insurance Co., Ltd., as subrogee of Kintetsu World Express (U.S.A.), Inc., and Starr Indemnity and Liability Co., as subrogee of Texas Instruments Incorporated ("TI"), (hereafter collectively called "Plaintiffs"), and Defendant, Hutchinson Logistics & Consulting, LLC ("Hutchinson Logistics"), and file this Joint Discovery/Case Management Plan pursuant to Rule 26(f).

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Counsel for Plaintiffs and Hutchinson Logistics held their Rule 26(f) meeting on January 17, 2024 at 11:00 a.m. CST via Zoom. Dana K. Martin of Hill Rivkins LLP appeared for Plaintiffs, and Deana Stein appeared for Hutchinson Logistics.**

**Defendant Fahim Logistics, LLC ("Fahim") has not yet appeared in this case, although its deadline to respond to the Complaint and Hutchinson Logistics' Cross-Claims has now expired. As such, neither Fahim nor its legal counsel was present.**

2.      List the cases related to this one that are pending in any state or federal court, with the case number and court.

**None.**

3.      Briefly describe what this case is about.

**This case concerns a shipment of cargo from Long Beach, California to Dallas, Texas, which Plaintiffs assert was damaged in interstate transportation when the truck carrying the cargo struck a bridge overpass.  Plaintiffs claim that Kinetsu employed Hutchinson Logistics to provide interstate carriage of the cargo and that Hutchinson Logistics in turn employed Fahim to handle all or part of the carriage.  Plaintiffs have asserted a cause of action against Defendants under the Carmack Amendment and claim that Defendants are jointly and severally liable.**

**Hutchinson Logistics denies that it was hired as an interstate motor carrier, but rather served only as a brokerage or third-party logistics company, and contracted with Fahim to serve as motor carrier and was at all times an independent contractor.  As such, Hutchinson Logistics denies any liability under the Carmack Amendment, which does not apply to transportation brokers, only motor carriers and freight forwarders.  Hutchinson Logistics has asserted cross-claims against Fahim in connection with its role as motor carrier, asserting that Fahim is liable for contribution under federal law and indemnity under its contractual obligations to Hutchinson Logistics.**

**4.**     Specify the allegation of federal jurisdiction.

**Federal question jurisdiction is invoked here, pursuant to 28 U.S.C. § 1331 because Plaintiff brings a cause of action under Surface Transportation Board Jurisdiction, ICC Termination Act of 1995, 49 U.S.C. § 13501 and § 14706, *et. seq.,* (also referred to as the "Carmack Amendment" herein), and the amount in controversy, which exceeds $10,000.00 per load of freight carried, and the pendent jurisdiction of this Court. Plaintiff also bases the jurisdiction of this Court on 28 U.S.C. § 1337, being a matter of interstate commerce.**

5.     Name the parties who disagree with the Plaintiff's jurisdictional allegations and the reasons.

**None**

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**The named party, Fahim Logistics, was served with Plaintiff's Second Amended Complaint on December 19, 2023 and with Hutchinson Logistics' Cross-Claims on December 27, 2023, but has not yet appeared.**

7.     List anticipated interventions.

**None.**

8.     Describe class-action issues.

**None.**

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

**The parties agree that their initial disclosures will be made on or by February 7, 2024, which is 21 days of the Rule 26(f) telephone conference.**

10.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

        **i.    Initial disclosures to be supplemented as information is obtained through informal investigation and formal discovery.**

        **ii.    No changes on limitations of discovery within the Federal Rules of Civil Procedure are proposed.**

        **iii.    No other Rule 16 order is required at this time.**

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

        **To Defendants on or before July 19, 2024. Fed. R. Civ. P. 33(a) shall apply to the number of Interrogatories.**

    C.    When and to whom the defendant anticipates it may send interrogatories.

        **To Plaintiff on or before August 19, 2024. Fed. R. Civ. P. 33(a) shall apply to the number of Interrogatories.**

    D.    Of whom and by when the plaintiff anticipates taking depositions.

        **Plaintiff may take the depositions of Defendant's witnesses and other third parties with knowledge of relevant facts that may be identified in the course of discovery on or before November 29, 2024.**

    E.    Of whom and by when the defendant anticipates taking oral depositions.

        **Defendant may take the depositions of Plaintiff's witnesses and other third parties with knowledge of relevant facts that may be identified in the course of discovery on or before December 31, 2024.**

    F.    When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and

when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff – October 22, 2024.**

**Defendant – November 21, 2024.**

G.     List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff will conduct the deposition of Defendants' experts within a reasonable time after Defendants designate their experts and produces preliminary reports.**

H.     List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants will conduct the deposition of Plaintiff's experts within a reasonable time after Plaintiff designates its experts and produce preliminary reports.**

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**None.**

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13.    State the date the planned discovery can reasonably be completed.

**January 7, 2025.**

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties agree to discuss settlement after some discovery has been exchanged.**

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiff will discuss settlement prospects with Defendants' representative.**

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**Mediation may be considered at an early stage after some discovery has been exchanged and certain depositions have been taken.**

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not consent to proceeding before a magistrate judge.**

18.    State whether a jury demand has been made and if it was made on time.

**Yes.  Plaintiff included a jury demand in their Complaint.**

19.    Specify the number of hours it will take to present the evidence in this case.

**The parties anticipate that a trial can be completed within three (3) days.**

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

21.    List other motions pending.

**None.**

22.   Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

**Plaintiffs believe delays may be encountered in obtaining witnesses and/or records from California, and potentially other locations.**

23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiff filed its disclosures of interested parties on October 24, 2023.  Defendant, Hutchinson Logistics, filed their disclosures of interested parties on December 21, 2023.**

24.   List the names, bar numbers, addresses, and telephone numbers of <u>all</u> counsel.

**<u>Counsel for Plaintiffs</u>:**
**HILL RIVKINS LLP**
**Dana K. Martin**
**S.D. Tex. No. 126**
**Texas Bar No. 13057830**
**1000 N. Post Oak Rd., Suite 220**
**Houston, TX 77055**
**T: (713) 457-2287**
**T: (713) 446-9311**
**F: (713) 222-1359**
**dmartin@hillrivkins.com**

**<u>Counsel for Defendant Hutchinson Logistics</u>:**
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF  LLP**
**Deana S. Stein (S.D. Tex Bar No. 3866905)**
**Lauryn Robinson (application for admission forthcoming)**
**127 Public Square, Suite 4900**
**Cleveland. OH 44114**
**T: (216) 363-6170**
**F: (216) 363-4588**
**E: dstein@beneschlaw.com**

**Marc S. Blubaugh (S.D. Tex Bar No. 584720)**
**41 South High Street, Suite 2600**
**Columbus, OH 43215**
**T: (614) 223-9300**
**F: (614) 223 -9330**
**E: mblubaugh@beneschlaw.com**

**BAIR HILTY, P.C.**
**Amanda S. Hilty**
**TBN: 09683030**
**FBN: 10187**
**Dale R. Mellencamp**
**TBN: 13920259**
**FBN: 7718**
**14711 Pebble Bend Drive**
**Houston, Texas 77068**
**T: (713) 862-5599**
**F: (713) 868-9444**
**E: ahilty@bairhilty.com**
      **dmellencamp@bairhilty.com**

Dated: January 17, 2024

**HILL RIVKINS LLP**

*/s/ Dana K. Martin*

DANA K. MARTIN
S.D. Tex. Bar No.:  126
Texas Bar No.: 13057830
HANNAH E. TAYLOR
Texas Bar No. 24130722
1000 North Post Oak, Suite 220
Houston, Texas 77055
Telephone:  (713) 222-1515
Direct Line: (713) 446-9311
Telefax: (713) 222-1359
Email: dmartin@hillrivkins.com
*Counsel for Plaintiffs*

Respectfully Submitted By,

**BENESCH, FRIEDLANDER, COPLAN**
**& ARONOFF LLP**

*/s/ Deana S. Stein*

Deana Stein, Esq. (S.D. Tex. Bar No.
3866905)
Lauryn Robinson (application for admission
forthcoming)
127 Public Square, Suite 4900
Cleveland. OH 44114
T: (216) 363-6170
F: (216) 363-4588
E: dstein@beneschlaw.com

Marc S. Blubaugh (S.D. Tex Bar No.
584720)
41 South High Street, Suite 2600
Columbus, OH 43215
T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com

8

**BAIR HILTY, P.C.**

*/s/ Amanda S. Hilty*

Amanda S. Hilty
TBN: 09683030
FBN: 10187
Dale R. Mellencamp
TBN: 13920259
FBN: 7718
14711 Pebble Bend Drive
Houston, Texas 77068
T: (713) 862-5599
F: (713) 868-9444
E: ahilty@bairhilty.com
    dmellencamp@bairhilty.com

Counsel for Defendant Hutchinson
Logistics & Consulting LLC

<u>**CERTIFICATE OF SERVICE**</u>

On  January 17, 2024, true and correct copies of the forgoing were duly served by e-filing to:

Deana Stein, Esq. (S.D. Tex. Bar No. 3866905)
Lauryn Robinson (application for admission forthcoming)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland. OH 44114
T: (216) 363-6170
F: (216) 363-4588
E: dstein@beneschlaw.com

Marc S. Blubaugh (S.D. Tex Bar No. 584720)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, OH 43215
T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com

Amanda S. Hilty
TBN: 09683030
FBN: 10187
Dale R. Mellencamp
TBN: 13920259
FBN: 7718
**BAIR HILTY, P.C.**
14711 Pebble Bend Drive
Houston, Texas 77068
T: (713) 862-5599
F: (713) 868-9444
E: ahilty@bairhilty.com
   dmellencamp@bairhilty.com

*/s/ Dana K. Martin*

Dana K. Martin
*Counsel for Plaintiffs*