IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD, as Subrogee of KINTETSU WORLD EXRESS INC., and STARR INDEMNITY AND LIABILITY COMPANY, as Subrogee of TEXAS INSTRUMENTS INCORPORATED .       Plaintiffs, | § § § § § § § § | |
| V. | § | C.A. No.4:23-cv-4002 |
| HUTCHINSON LOGISTICS & CONSULTING LLC, AND FAHIM LOGISTICS, LLC     Defendants. | § § § § § | |

**RULE 26 DISCLOSURES OF PLAINTIFF**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Tokio Marine and Nichido Fire Insurance Co., Ltd., as subrogee of Kintetsu World Express (U.S.A.), Inc., and Starr Indemnity and Liability Co., as subrogee of Texas Instruments Incorporated ("TI"), (hereafter collectively called "Plaintiffs") in the above-entitled and numbered cause, by his attorneys of record, Hill Rivkins LLP, pursuant to Rule 26 (a)(1) of the Federal Rules of Civil Procedure and provides the following information currently available to Plaintiffs.

These disclosures are made based upon information presently known to undersigned counsel for Plaintiffs based on a diligent investigation as of the date of these initial disclosures. Plaintiffs reserves the right to amend or supplement these initial disclosures, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure based upon its continuing investigation and

discovery. By making these initial disclosures, Plaintiffs do not represent that they are identifying every witness, document or tangible thing possibly relevant to this action.

A.

**RESERVATION OF PRIVILEGES**

The following Rule 26(a)(1) Disclosures are submitted subject to and without waiving any right to protect any and all communications from disclosure pursuant to federal statute, rule, or law. These include, but are not limited to, attorney/client privilege, attorney work product privilege, investigative privilege, party communication privilege, and consulting expert privilege.

B.

**INCORPORATION OF OTHER RULE 26 DISCLOSURES**

Plaintiffs incorporate all persons designated by all other parties as person or entities which may have discoverable information relevant to disputed facts alleged with particularity in the pleadings of this case.

C.

**PERSONS WITH KNOWLEDGE OF RELEVANT FACTS**

The following are individuals who are likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings (see Complaint for addresses):

1. **Employees and/or representatives of Tokio Marine and Nichido Fire Insurance Co., Ltd:**

Tokio Marine and Nichido Fire Insurance Co., Ltd "Tokio Marine") representative(s) will have knowledge of the Plaintiffs' claim the adjustment process and the damages mitigation effort accomplished regarding the damaged cargo in question.

2. **Employees and/or representatives of Starr Indemnity and Liability Co.**

Starr Indemnity and Liability Co "Starr") representative(s) will have knowledge of the Plaintiffs' claim the adjustment process and the damages mitigation effort accomplished regarding the damaged cargo in question.

3. **Mr. William (Bill) Duval, Mr. Ian Bolton, and other employees and/or representatives of EIMC.**

Bill Duval and Ian Bolton of EIMC were the expert cargo surveyors and adjuster(s) appointed by Tokio Marine as expert surveyors to investigate damage to the cargo at Texas Instruments' location in Dallas, Texas after a low bridge strike damaged the Semiconductor fabricating equipment ("cargo" or "Fab tool") which was discovered upon delivery to a Texas Instruments location in the Dallas area from the Hutchinson Logistics/ Fahim Logistics' tucking carriage. EIMC's surveyor, William Duval, was appointed to review the condition of the cargo in question. EIMC conducted an investigation into the facts surrounding the damages to the Fab Tool in question and followed up regarding the damage mitigation effort. EIMC representative(s) have knowledge that includes the carriage and/or handling arrangements made regarding the interstate transportation of the cargo in this case. They may also have knowledge of coordination of the carriage arrangements and the delivery of the cargo. They may also have knowledge of the reasonable adjustment of the loss.

4. **Mr. Alan "Sonny" McCool, and other employees and/or representatives of Sedgwick**

Sonny McCool of Sedgwick was the expert cargo surveyor and adjuster(s) appointed by Starr Indemnity as expert surveyors to investigate damage to the cargo at Texas Instruments' location in Dallas, Texas after a low bridge strike damaged the Semiconductor fabricating equipment

("cargo" or "Fab tool") which was discovered upon delivery to a Texas Instruments location in the Dallas area from the Hutchinson Logistics/ Fahim Logistics' tucking carriage. Sedgwick's surveyor, Alan "Sonny" McCool, was appointed to review the condition of the cargo in question. Sedgwick conducted an investigation into the facts surrounding the damages to the Fab Tool in question and followed up regarding the damage mitigation effort.  Sedgwick representative(s) have knowledge that includes the carriage and/or handling arrangements made regarding the interstate transportation of the cargo in this case.  They may also have knowledge of coordination of the carriage arrangements and the delivery of the cargo.  They may also have knowledge of the reasonable adjustment of the loss.

5.   **Brian Hutchinson and other employees and Former Employees of Hutchinson Logistics & Consulting LLC ("Hutchinson Logistics")**

Hutchinson Logistics employees and/or former employees are likely to have discoverable information regarding their involvement in preparations of the Fab tool for Trucking carriage, arranging for, or handling, the carriage of the Fab tool in question, its delivery to Dallas, and instructing their freight handlers or coordinators during the carriage from California to Texas. They may also have knowledge of their preparations for handling the Fab tool cargo, and the arrangements for delivery of the Fab Tool to Texas Instruments.

6. **Mr. Shawn Rogers, Mr. Jonathan Montoya, and other employees or former employees of Texas Instruments, Inc.**

Mr. Shawn Rogers and other employees and/or former employees of plaintiff's insured, Texas Instruments, are likely to have discoverable information regarding their knowledge of the facts surrounding the mis-handling of the Fab Tool during trucking transportation, including

4

arrangements for the carriage and/or handling arrangements made regarding transportation of the cargo in this case. They may also have knowledge of the actual interstate carriage arrangements as well as the arrangements for preparation the cargo for its movement, instructions given to Hutchinson Logistics, and the condition of the Fab Tool upon delivery to Texas Instruments. They will also have knowledge of delivered condition of the Fab tool, and the necessary repairs or replacement costs associated with the mitigation of the damages for the Fab Tool damaged during carriage and/or delivery of the Fab tool to Texas Instruments.

**7.  Employees or former employees of Fahim Logistics LLC.**

The employees and/or former employees of Fahim Logistics, are likely to have discoverable information regarding their involvement in preparations of the Fab tool for trucking carriage, arranging or handling the carriage of the Fab tool in question, its delivery to Dallas, Texas, and the circumstances surrounding the low bridge strike during the carriage from California to Texas, the preparations for handling the Fab tool as a truck cargo, its shipment and the arrangements for delivery of the Fab tool to Texas Instruments.

**8.  Jeff Jones and other employees or Former Employees of Kintetsu World Express Inc.**

Employees of the cargo's shipper, Kintetsu World Express, Inc. ("Kintetsu") are likely to have discoverable information regarding are likely to have discoverable information their involvement in the delivery of the Fab tool in question to Hutchinson for interstate trucking carriage, and/or ground handlers in California. They will also have knowledge regarding the facts surrounding the mis-handling of the Fab tool during trucking transportation, including arrangements for the carriage and/or handling arrangements made regarding transportation of the cargo in this case. They may also have knowledge of the actual interstate carriage arrangements as well as the

arrangements for preparation the cargo for its movement, instructions given to Hutchinson Logistics, and the condition of the Fab tool upon delivery to Texas Instruments. They will also have knowledge of the necessary repairs, replacement or recycling costs associated with the mitigation of the damages for the Fab tool damaged during carriage and/or delivery of the Fab tool to Texas Instruments.

9. **Person(s) Who Witnessed the Subject Fab Tool being prepared for carriage to Texas Instruments.**

Those certain person(s) who witnessed the subject cargo being prepared for interstate trucking carriage, carried, and delivered to Texas Instruments. These witnesses may have knowledge of the actual location of the damages to the Fab tool. The identities of those persons are presently unknown. Plaintiffs will supplement these disclosures to identify those persons with greater specificity once their identities become known.
.

**10. Employees or former employees of Inteknology Solutions LLC.**

Employees and/or former employees of Inteknology, which handled the recycling of the damaged Fab Tool associated with the mitigation of the damages for the Fab tool damaged during carriage and/or delivery of the Fab tool to Texas Instruments.

11.**All persons identified in any documents produced or exchanged in connection with this matter**.

12. **Plaintiffs' investigation and discovery concerning this case is continuing, and, if additional information is obtained after the date of these disclosures, Plaintiffs will**

**supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.**

### D.

### DOCUMENTS & TANGIBLE THINGS RELEVANT TO DISPUTED FACTS IN POSSESSION OF PLAINTIFF

Supplied simultaneously with these written disclosures are true and correct copies of those documents and electronically stored information, and tangible things that are currently available to ACE/Plaintiffs at this time.

### E.

### DAMAGES

Plaintiff, Tokio Marine, as subrogee of Plaintiffs is seeking monetary damages reflected by the damages to the Fab tool discovered when the delivering train arrived at Texas Instruments in Dallas, Texas. The damages now total $1,067,904.71, as nearly as same can now be stated.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for normal increases in past damages and claims of interest, all of which should be assumed by the parties, and which do not call for any specific supplementation.

### F.

### INSURANCE AGREEMENTS

Texas Instruments and Kintetsu were insured by Tokio Marine Insurance Company and Starr Indemnity & Liability Co., to which Texas Instruments and Kintetsu have subrogated all or part of this claim.

## G.

## **GENERAL**

Plaintiff, Plaintiffs' initial Rule 26 disclosures are made on the basis of information reasonably available to them as this time. There may be other individuals not identified above who have knowledge of relevant facts not currently known to the Plaintiffs, or employed by or subject to the control of other parties. Plaintiffs have not yet made a determination regarding all individuals who may be retained or specifically employed to provide expert testimony in this case.

Plaintiffs' investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Dana K. Martin*

DANA K. MARTIN
SDTX I.D. No. 126
Texas Bar No. 13057830
HANNAH E. TAYLOR
Texas Bar No. 24130722
SDTX I.D. No. 3805262
HILL RIVKINS, LLP
1000 N. Post Oak, Suite 220
Houston, Texas 77055
Telephone:  713/222-1515
Direct Lines:  713/457-2287
   713/457-2289
Mobile:  713/446-9311
Telefax:   713/222-1359
Email: dmartin@hillrivkins.com
   htaylor@hillrivkins.com

**ATTORNEYS FOR PLAINTIFFS**

Case 4:23-cv-04002   Document 27   Filed on 02/08/24 in TXSD   Page 9 of 9

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 8, 2024, I caused the foregoing document to be filed on the Court's CM/ECF System for electronic service on all counsel of record in this action.

Deana Stein, Esq.
Benesch, Friedlander, Coplan & Aranoff
127 Public Square, Suite 4900
Cleveland. OH 44114
Dstein@beneschlaw.com

                                       */s/ Dana K. Martin*

9