IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD, et al., | ) CASE NO. 4:23-CV-04002 <br> ) <br> ) JUDGE LEE H. ROSENTHAL |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| HUTCHINSON LOGISTICS & CONSULTING LLC, et al., | ) <br> ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HUTCHINSON LOGISTICS & CONSULTING LLC'S
RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Hutchinson Logistics & Consulting, LLC ("Hutchinson") submits this response to Plaintiffs Tokio Marine and Nichido Fire Insurance Company, Ltd., as subrogee of Kintetsu World Express Inc., and Starr Indemnity and Liability Company, as subrogee of Texas Instruments Incorporated's (collectively "Plaintiffs") Notice of Supplemental Authority (the "Notice") (Dkt. 59), which cites an Order entered on November 12, 2024 in *Indemnity Insurance Company of North America v. Whitehorse Freight LLC, et al.*, Case No. 4:23-cv-4585, 2024 WL 4753817 (S.D. Tex. Nov. 12, 2024). For the reasons stated below, the *Whitehorse Freight* decision is unpersuasive and Plaintiffs' post-Reply supplemental filing should be disregarded.

As a preliminary matter, *Whitehorse Freight* concerns a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as opposed to a motion for summary judgment under Rule 56. Thus, any suggestion that this Court is bound by the *Whitehorse Freight* decision is unpersuasive. Indeed, the motions presently before this Court seek summary judgment and demand that this Court go beyond the pleadings and rely on "affidavits[,] depositions, answers to interrogatories and admissions on file" when determining Hutchinson's alleged liability under the

Carmack Amendment. *Lohn v. Morgan Stanley DW, Inc.*, 652 F.Supp.2d 812, 822 (S.D. Tex. 2009). An opportunity for such fulsome analysis of the presented evidence does not exist at the motion to dismiss stage. As a result, Plaintiffs' reliance on *Whitehorse Freight* is both misguided and irrelevant because it incorporates a different standard. Nevertheless, classification for purposes of liability under the Carmack Amendment *can* be decided as a matter of law—whether in the context of a motion to dismiss or otherwise. *See Farfan v. Old Dominion*, Case No. 4:23-cv-03470, 2024 WL 3958424 (S.D. Tex. Aug.12, 2024) (granting broker's motion to dismiss and confirming company's broker status as a matter of law).

Even if this Court were to find the posture of *Whitehorse Freight* persuasive, the underlying facts of that case are entirely distinguishable from those before this Court. Indeed, the crux of the *Whitehorse Freight* opinion concerns a denied motion to dismiss a Carmack claim on the ground that defendant was not a motor carrier based purely on its Federal Motor Carrier Safety Administration ("FMCSA") registration. *Whitehorse Freight*, 2024 WL 4753817, at *3. Unsurprisingly, the court denied the motion, holding that registration status alone is not dispositive. *Id.* Yet, Hutchinson has never claimed that an entity's registration with the FMCSA is dispositive when deciding status as a freight broker, carrier, or freight forwarder. *See* Dkt. 46 at p. 15[1] (describing FMCSA licensure as one of "a variety of factors" to consider when determining liability under the Carmack Amendment); Dkt. 57 at p. 3. ("Plaintiffs assert that neither Hutchinson's licensure nor its ownership of vehicles is dispositive. Of course, Hutchinson does not make such a claim, but those are factors that may be considered on summary judgment") (citing *Pelletron Corp. v. C.H. Robinson Worldwide, Inc.*, No. 11-6944, 2012 WL 3104845, at *3 (E.D. Penn. July 31, 2012)). In fact, the *Whitehorse Freight* decision itself relies on case law suggesting

---

[1] All citations to the Parties' respective briefs refer to the ECF-stamped pagination appearing in the top banner.

2

that an important consideration when determining broker status is "what the entity holds itself out to be." *Whitehorse Freight LLC*, 2024 WL 4753817, at *3; *see also* Dkt. 46 at pp. 15-20. And, indeed, that is what Hutchinson has spent the bulk of its briefing discussing. *See* Dkt. 46 at pp. 15-20, Dkt. 53 pp. 10-25; Dkt. 57 pp. 3-5.

The dissimilar nature of *Whitehorse Freight* and the circumstances of the cross-motions for summary judgment currently pending before this Court render Plaintiffs' reliance on this opinion unwarranted and Plaintiff's supplemental filing without merit.

Date: November 20, 2024

Respectfully Submitted By,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
*/s/ Deana S. Stein*
Deana S. Stein (S.D. Tex. No. 3866905)
Lauryn T. Robinson (admitted pro hac vice)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: dstein@beneschlaw.com
lrobinson@beneschlaw.com

Marc S. Blubaugh (S.D. Tex. Bar No. 584720)
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330
Email:  mblubaugh@beneschlaw.com

**BAIR HILTY, P.C.**
Amanda S. Hilty (Tex. Bar No.09683030)
Dale R. Mellencamp (Tex. Bar No. 13920259)
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: 713.862.5599
Facsimile: 713.868.9444
Email:  ahilty@bairhilty.com
dmellencamp@bairhilty.com
*Attorneys for Defendant Hutchinson Logistics & Consulting LLC*

## CERTIFICATE OF SERVICE

The foregoing Defendant Hutchinson Logistics & Consulting, LLC's Response to Plaintiffs' Notice of Supplemental Authority was filed on November 20, 2024. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

/s/ Deana S. Stein
*Counsel for Defendant Hutchinson Logistics & Consulting LLC*